MATTHEW LINN *v.* ARTHUR O'HARA.
DAVID TAYLOR *v.* THE SAME.
WILLIAM HEMINGWAY *v.* THE SAME.
ANDREW GIBBONS *v.* THE SAME.
SOLOMON KNIGHT *v.* THE SAME.
ALEXANDER SMITH *v.* THE SAME.
JOHN PORTER *v.* THE SAME.
DAVID CLARK *v.* THE SAME.
BERNARD RODDY *v.* THE SAME.

Where a contractor, having agreed with the owner of land for the perform-
ance of labor towards the erection of a building thereon, abandons the work
before any payment becomes due, and wholly fails to perform, so that, *ac-
cording to the terms of the contract,* the owner is not liable; laborers and sub-
contractors, employed by the contractor, cannot, by filing notices with the
county clerk, acquire liens upon the building or land, and compel the owner
to pay them for the work and labor actually performed by them.

The " act for the better security of mechanics and others," passed July 11, 1851,
no where provides that when an owner fraudulently procures work to be
done, by reason whereof he becomes liable to his contractor in damages for
the fraud thus practiced, the laborers and sub-contractors of the individual
defrauded may have a lien and recover, to the extent or amount of the dam-
ages to which the owner would be liable for the fraud.

Hence, such laborers and contractors cannot establish a lien and right to recover
against the owner, by proof that the original contractor was induced to enter
into the contract by the owner's fraud and false representations respecting
the subject of the contract.

Whether a party, who has been induced by fraudulent representations to enter
into a contract, can recover, in an action for *work and labor,* upon any other
basis than that furnished by the special contract?    *Quere.*

In England it has been held that he *cannot,* and that, if he sues for work and
labor, his action is an affirmance of the contract itself, and must be governed
thereby; but that if he seeks to recover upon the ground of fraud, he should
repudiate the contract when the fraud is discovered, and sue for damages for
the deceit. (*Selway* v. *Fogg,* 5 Mee. & W., 83.)

In what cases a party may waive a tort, and bring assumpsit to recover the
value of whatever has been obtained from him by fraud, is not fully settled
in the state of New York.

Even if it be conceded that the *original contractor,* in the case stated, instead
of suing for the deceit and claiming damages therefor, has his election *to*

Linn *v.* O'Hara.

waive the tort and sue for the value of the work and labor, the laborers employed by him cannot make that election for him.

They cannot waive the fraud practiced upon their employer, nor relieve the owner from liability for damages resulting from the fraud.

Nor can they say there was no express contract because of the owner's fraud, and there was an implied contract, because the contractor, who alone is defrauded, has his option to waive the fraud and recover for work and labor as such.

The claim of the laborers and sub-contractors, in such case, is not within the lien law of 1851.

GENERAL TERM, MARCH, 1855.

THE plaintiffs, in the nine cases above entitled, having performed labor in excavating earth and blasting rock, pursuant to agreements with one William Henderson, and in conformity with a contract between the latter and the defendant, filed with the clerk of the county of New York, notices, under the sixth section of the " act for the better security of mechanics and others," passed July 11, 1851.

The work was done upon premises owned by the defendant. The plaintiffs sought to acquire liens thereon, and to compel the owner to satisfy their respective claims, under the circumstances, which are fully related in the opinion.

Proceedings, in the several cases, to foreclose the alleged liens, were taken in the Sixth District Court. The case of *Linn* v. *O'Hara* having been tried first, it was agreed between the various parties, that the same testimony, except as to the extent of services rendered, should apply with like effect to all the cases.

Each of the claimants recovered a judgment, from which the defendant appealed to this court. On the decision of the appeal, the opinion which follows was written in the first case, but was declared equally applicable to the remaining eight, and judgments of reversal were accordingly entered in all.

*Thomas James Glover*, for the defendant, (owner,) argued as follows:

VOL. II. 36

The defendant is the owner, and the plaintiffs are the laborers employed by Henderson, the contractor.

The contract was in writing, dated 3d July, 1854, and provided that Henderson was to do certain blasting, and clear away all stone and rubbish, by 25th July, for a specified sum, viz., $120, to be paid when completed, except what should be considered necessary by both parties.

The work was never finished.

The plaintiffs rest their case *solely* on the alleged fraudulent representations of the defendant, whereby Henderson was fraudulently induced to contract to do the work for $120, when it was really worth $360, as he pretends ; and they claim that Henderson was entitled to receive compensation for the value of the services as far as they had been rendered, and that the plaintiffs had a right to recover on that ground.

The evidence of fraud was objected to, but received, and defendant excepted.

The judgments stand upon the ground of fraud alone.

They are erroneous, and cannot be sustained.

I. Where a contract is avoided for fraud, there is no implied contract to fall back upon, the only remedy being an action for deceit.

This is settled by *Selway* v. *Fogg* (5 Mees. & Welsb. p. 83). The case was this—assumpsit for work and labor, pleas, non-assumpsit, payment, and a set-off.

On the trial, evidence was given that the work, which consisted of carting away rubbish, was done, and worth £20.

The defendant gave evidence of a contract to do the work for £15, which he had paid.

The plaintiff insisted that the contract was obtained by fraudulent misrepresentations as to the depth of the rubbish carted away ; and so the jury found.

Lord Abinger, and Barons Parke, Alderson and Maule held, on motion to enter a nonsuit, that it must be granted, because a man cannot be bound by an implied contract when he has made a specific contract, which has been avoided for fraud.

II. By suing upon the contract the plaintiffs affirmed it.

The proceedings under the mechanics' lien act are essentially based upon the contract. No greater sum than that mentioned in the contract can be recovered against the owner by express provision of the statute.

If Henderson had sued the defendant in assumpsit, he would have affirmed the contract.

The mechanics claiming under him on the contract, by taking proceedings based upon it, have affirmed the contract, and cannot allege fraud against it. (*Ferguson* v. *Carrington*, 9 B. & C. 59 ; *Saratoga R. R.* v. *Row*, 24 Wend. 74.)

III. All pretence of fraud was emphatically put at rest by the evidence of Oliver O'Hara.

The earth was carted away by Henderson for a considerable part of the lot, and work was done on it for three or four days before the written contract was made.

IV. Henderson ceased working about 15th August, (the contract ought to have been finished on 25th July,) and then notice was given to him to go on and complete, or other men would be employed. No more work was ever done by him.

The defendant offered to show the damages sustained by reason of failure to perform on the part of Henderson, and called the superintendent for that purpose.

The evidence was objected to and excluded.

This was manifestly erroneous, according to repeated decisions in this court.

*John H. Ehle*, also for the owner, on the submission of the case to the justice, in the court below, presented the following, with other points :

I. The testimony of Henderson is subject to the defendant's exception, 1st. On the grounds that he is the contractor, and directly liable to the lien men, (the plaintiffs,) if he does not swear to enough to enable them to recover on their lien against the defendant; hence, these actions are brought for the immediate benefit of Henderson. 2d. On the ground

that the testimony of Henderson and David Clark, as to their being more rock than the contractor and the defendant supposed at the time of making the contract, is improper, and does not apply to lien cases.

II. Parties claiming under liens cannot recover by showing that the contractor for whom they worked or to whom materials were furnished, had been deceived by the owner in making a contract to do such work for less than it was worth, and thereby recover the value of such work. If all the work specified in the contract had been finished by them, they would be limited to the contract price, and money must be due under a contract between the owner and contractor. Fraud practiced by either party to a contract avoids and destroys the contract, and the party deceived can sustain an action for such deceit; but the lien law does not provide that claimants shall recover money from the owner under such circumstances.

III. These cases do not come within the letter or spirit of the lien law. 1st. The work specified under the contract is not done on a house or building, or on an appurtenant thereto. 2d. On the ground of fraud, the plaintiffs can recover nothing under the lien law.

*James B. Sheys*, for the several plaintiffs, (claimants,) presented an argument, of which the following is an abstract:

All the facts incumbent upon the plaintiff to prove, in a lien case, are admitted, by stipulation, except the defendant's ownership and liability to the contractor. These points are fully established by the evidence. (The counsel here reviewed the testimony at length.)

The contractor was deceived by the defendant as to the character and value of the work to be done. He is not, therefore, bound by the contract, and is entitled to recover from the owner $200 upon the *quantum meruit*—the actual value of the labor performed. The sub-contractors have a

right to a distribution among them of that amount, in payment for the value of their work done under the employment of the contractor.

The original contract with Henderson was to excavate earth and rock. It is proved that the defendant was familiar with the surface and structure of the premises—having himself filled in the lot and covered the rock—with the nature and extent of which he was well acquainted, from former personal observation. He induced Henderson to contract at a ruinously small price, by gross misrepresentations. The latter was, therefore, legally justified, upon discovering the deception, to abandon the work and claim the value of so much as he had already performed. This he commenced on the 3d of July, and continued until the 13th of August, employing numerous men and horses.

The amount which the labor was fairly worth is a fund in the hands of the owner, belonging to the contractor, subject to the claims held against the latter by the sub-contractors.

Courts uniformly dispose to discourage deception and fraud by applying to the perpetrator the strictest rules of accountability. To hold the defendant liable to these claimants, is to enforce the spirit and plain intent of the lien law, to wit, the subrogation of the claimant to the rights of the contractor, as the creditor of the owner; and the law should be liberally construed, in order to reach a case of this kind, wherein, if the owner escapes, it will be through an advantage created by his own fraud.

The damages which the contractor is entitled to receive from the owner by reason of the fraud, are properly and equitably recoverable by the unpaid sub-contractors, who are the actual sufferers.

The sub-contractors, representing and standing in the place of the original contractor, may waive the fraud, and recover the value of their work and labor. The judgment should be affirmed.

By the Court. Woodruff, J.—The proceeding in which

the present appeal is prosecuted, was commenced in the district court, upon an alleged lien, under the law known as the mechanics' lien law, and under the following circumstances :

On the 3d day of July, 1854, the defendant, being the owner of a lot of ground in 31st street, in this city, made a written agreement with one William Henderson, by which the latter agreed to blast out the rock and clear a place for a cellar, also for a privy and sewer, for the sum of one hundred and twenty dollars. The same to be completed by the 25th day of the same month—"no payments to be made until completed, except what should be considered necessary by *both parties.*"

In pursuance of this agreement, Henderson began the work, and employed the plaintiff as a laborer thereon. After the contractor had made some progress, and had received $35 on account, he abandoned the work ; and the reason therefor, alleged by the claimant herein, and testified to by the contractor on the trial, was, that he found that he had been deceived by the defendant, who had, prior to the making of the contract, misrepresented to him the condition of the lot of ground and the nature of the excavation, in respect to the quantity of rock which the lot contained.

Thereupon, the laborers employed by the contractor filed notices with the county clerk, to create liens for the amount or value of their labor, and now claim to recover such amount or value by the proceedings instituted in the court below, and judgment being rendered against the owner, he prosecutes his appeal to this court.

It is not claimed, that under the agreement made by the owner with the contractor, any sum whatever is payable to the latter. The work specified in the agreement was never completed, and payment therefor has never become due.

The right of the claimant to maintain this proceeding is alleged, upon the sole ground, that the owner practiced a fraud upon the contractor to induce him to enter into the agreement. That the agreement was, therefore, not binding

upon the latter, but he had a right, upon discovery of the fraud, to refuse to go on with the work, and to sue and recover for the value of the labor actually expended upon the lot, and which, in his testimony, he states was worth $200.

How far the proof in this case established the alleged fraud, and whether, under the circumstances proved, the fraud was of such a nature as justified the contractor's failure to perform his agreement; and whether the contractor did not discover the fraud, if any, long before he abandoned the work, but nevertheless affirmed the contract by continuing his labor until the time for the completion had expired, are questions which would admit of some discussion. But taking the case as favorably to the claimant as it can be stated, and admit all the facts to be as alleged by him, I apprehend that this proceeding cannot be sustained.

The statute authorizing the creation of liens in favor of mechanics and others, and the foreclosure thereof, does not apply to such a case. (Session Laws of 1851, chap. 513, p. 953.) By the first section of that act, the persons who may acquire a lien, are declared to be " any person, who, *by virtue of any contract* with the owner, or who, in pursuance of an agreement with any *such contractor*, shall, in conformity with the *terms* of *such contract*, perform work and labor, &c., in building," &c.; and the same section provides, that the owner shall not be obliged to pay, in consideration of all the liens authorized, any greater sum than the price stipulated to be paid in and by such contract. The second section provides, that a person performing labor, &c., in pursuance of a *written* contract, shall produce it, or give the best evidence thereof in his possession, and shall recover no more than the price stipulated to be paid to him in such contract. And the third section, that a person performing labor, &c., without a *written* contract, shall produce like evidence to establish the value thereof.

In the case before us, there was a written contract between the owner—the defendant—and his contractor, for the work.

That contract was not performed—no moneys have ever become due thereon. It has been repeatedly decided, that if no money has become due from the owner to the contractor, the owner cannot be compelled to pay any thing to the laborer or sub-contractor. It is therefore plain, that if the written contract, which was given in evidence, is of any force or effect whatever, the claimant was not entitled to recover.

But that agreement was of force to bring the parties within the express terms of the first section of the statute. There was an agreement with the owner, in pursuance of which, and in conformity with the terms whereof, the work was begun and prosecuted so far as it progressed, and that was *the contract*—the only contract made by the owner, and the only contract in which any price was stipulated to be paid for the work. This is the very case described in the first section of the statute, and yet the claimant does not show a case in which, by reason of that contract, the owner can be required to pay any thing more than he has paid; and, therefore, regarding the work as done under or in pursuance of a contract with the owner, the claimant cannot recover.

The counsel for the claimant appears conscious of this difficulty, and hence he places his ground of claim upon the alleged fraud, and he argues, that by reason of the fraud, the contract is a nullity, and therefore the rights of all the parties are the same as if there had been no contract whatever beyond ·a mere parol employment of the contractor, by the owner, to excavate, for just so long a time as the contractor did devote to the work. This is wholly unwarranted, so far as the rights of the parties rest in express contract. The employment was to excavate the entire cellar, privy and sewer, and not to work thereat by the day or for any number of days. Setting aside the contract as fraudulently obtained, would not leave the owner and contractor under any contract with each other for the doing of the work. But it is insisted further, that the contractor had, by reason of the fraud, a

right to repudiate the contract altogether, and then sue and recover for the value of the labor, &c., as upon a *quantum meruit.*

I do not think it necessary to express an opinion in this case, upon the question, whether a party who has been induced by fraudulent representations to enter into a contract, can recover in an action for *work and labor*, upon any other basis than that furnished by the terms of the special contract. It has been held in England that he *cannot ;* and that, if he sues for work and labor, such an action is in affirmance of the contract itself, and must be governed thereby ; but if he seeks to recover upon the ground of fraud, he should repudiate the contract when the fraud is discovered, and sue for damages for the deceit. (*Selway* v. *Fogg*, 5 Mee. & W. 83.) The question, when and in what cases a party may waive a tort, and bring assumpsit to recover the value of whatever was obtained from him by such fraud, has been much discussed, and in this state is not yet fully settled.

But whatever may be the rights of the contractor in this respect, I am clear that his laborers and sub-contractors have no right to repudiate the contract between him and the owner. They cannot rescind it, and even if the contractor has the right to waive his claim for damages for the fraud and sue for the value of the work and labor, *they* have no power to exercise that option in his behalf; and their doing so would not relieve the owner from the contractor's claim for damages for the fraud *as such.* The liability of the owner is upon the express contract *for the price* fixed, or *according to the argument*, for damages for the *fraud*, which latter the *contractor may waive*, and recover the value of the work and labor done and performed. If this latter alternative be conceded, the case presented does not come within the letter or spirit of the lien law. That statute no where provides that where an owner fraudulently procures work to be done, by reason whereof he becomes liable in damages for the fraud thus practiced, the laborers and sub-contractors of the individual defrauded may have a lien and may recover to

the extent or amount of the damages to which such owner would be liable. And yet this is the argument contended for.

So if it be conceded that the contractor may elect to waive the tort and sue for the value of the work done, the very proposition admits, also, that he *may not* make such election. He may sue for the deceit, and *non constat* that he will not. His employees cannot make that election for him. They cannot say there was no contract because of the owner's fraud, and there was an implied contract because the contractor, the only person defrauded, may, if he pleases, waive the fraud and recover for work and labor as such.

I cannot resist the conclusion, that this proceeding, and the judgment therein, are founded in error regarding the applicability of the lien law to such a case as the present. There is no especial hardship in this. There are multitudes of cases in which money is due, and yet in which the legislature have not provided any special and extraordinary means of compelling payment, and the plaintiff is in no worse condition than the creditors in such cases. It is only to be said that the legislature have not given to the laborer, in a case like the present, a right to acquire a lien. If it were needful, I think many reasons could be given why it would be unwise to do so, some of which might well be illustrated by the case before us, in which a contractor, having failed to perform his contract, becomes in substance his own witness, not merely to excuse his default, but to prove a fraud on the part of the owner; whereby he compels the payment of much more than the whole contract price for the benefit of himself. But it is unnecessary to pursue that branch of the subject. There are other grounds assigned for a reversal, but the reasons above given dispose of the whole case, and, in my opinion, call for a reversal of the judgment.

The opinion above given in *Linn* v. *O'Hara*, is equally applicable to the remaining eight cases, and the judgments in each should be reversed for the reasons there stated.

Judgments reversed.